C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
   ADWEIN RODRIGUEZ,                       :

                                                :   **MEMORANDUM DECISION AND**
                                                :   **ORDER**
                      Petitioner,      :

                                                :   21-cr-0090 (BMC)
              - against -               :   23-cv-6804 (BMC)

   UNITED STATES OF AMERICA,     :

                            Respondent.  :
----------------------------------------------------------- X

**COGAN**, District Judge.

     Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2555 from his conviction, upon a guilty plea, to (1) conspiracy to distribute and possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846; and (2) being a felon in possession of ammunition, in violation of 21 U.S.C. § 922(g), for which he was sentenced to 151 months' custody. He contends that the Court erred in enhancing his guideline range as a career offender under U.S.S.G. § 4B1.1 and that his counsel was ineffective for failing to challenge that enhancement at sentencing. I hold that he waived these claims pursuant to the terms of his plea agreement, and even if he did not, they fail on the merits.

## BACKGROUND

     The case arises out of a street fight and shooting caught on videotape. Petitioner punched an individual and after they separated, petitioner reapproached the victim on a motorbike holding a firearm. Petitioner shot at her, hitting her in the leg, and then fired at least two more shots before fleeing.

Less than two weeks later, the Government arrested petitioner and his co-defendant, Manual Mora, pursuant to a warrant, in an apartment in Queens. Prior to the Government obtaining entrance to the apartment, Mora threw a satchel containing cocaine out of a window in the apartment. When the Government agents entered the apartment, they found petitioner with a large shopping bag containing large plastic bags of marijuana. Mora was arrested in a separate bedroom with a large amount of marijuana, a .40 caliber Glock, individually sale-sized and marked packages of marijuana; a ledger of drug transactions; three scales; and about $4,000 in cash. A warrant-authorized search of petitioner's cellphone uncovered videos bearing a date the day before the shooting, showing petitioner and Mora in a moving car with members of the Trinitarios gang, and Mora, at petitioner's direction, firing two shots out of the car window.

In addition to the two charges to which petitioner pled guilty, set forth above, petitioner also was charged possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Petitioner's guilty plea pursuant to a plea agreement was taken by Magistrate Judge Peggy Kuo and then accepted by this Court at sentencing. Judge Kuo allocuted petitioner on all of the terms required by Fed. R. Crim. P. 11. Petitioner's counsel advised Judge Kuo that petitioner had "asked him on more than one occasion what I believe the sentence will be. I told him that we will not know until the matter – until Judge Cogan actually sentences him, but I've discussed with him otherwise the advisory nature of the guidelines." Petitioner confirmed that he had had sufficient time to discuss the case with his lawyer and that he was satisfied with his lawyer's representation.

Judge Kuo went over the terms of petitioner's plea agreement in detail. She had the Government put the guidelines' estimate of 151-188 months, which was in the plea agreement, on the record, and advised petitioner that he could be sentenced to more or less than that, and that he could not withdraw his plea if he ended up not liking his sentence. She also advised him of the challenge waiver in the plea agreement: "[I]n the agreement with the government you agreed that you will not file an appeal or otherwise challenge your conviction or sentence so long as the Court imposes a term of imprisonment of 210 months or less." Petitioner confirmed he understood the waiver.

At sentencing, I found that petitioner had an adjusted level of 29, and a criminal history category of VI. That resulted in a guideline range of 151 to 188 months' custody. I sentenced him to 151 months.

## DISCUSSION

### I. Standard of Review

"Section 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing ... violated the Constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time authorized by law." Thai v. United States, 391 F.3d 491, 493 (2d Cir. 2004). However, "[b]ecause collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction" through a proceeding under § 2255 than by direct appeal. Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (citations and quotations omitted). The statute thus allows relief "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a

3

fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

To demonstrate ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984), a defendant must show two things: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. A court will deem performance deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id.  If there is a reasonable probability that the outcome might have been different because of a legal error, the defendant has established prejudice and is entitled to relief. See Weaver v. Massachusetts, 582 U.S. 286 (2017).  But an ineffective assistance of counsel claim will fail if the defendant fails to make a sufficient showing under either of the Strickland prongs. Strickland, 466 U.S. at 697.

## II.     Waiver of habeas corpus review

Petitioner's plea agreement is clear.  He agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2555 or any other provision, the conviction or sentence in the event the Court imposes a term of imprisonment of 210 months or below."  The waiver further stated that it "will be binding without regard to the sentencing analysis used by the Court." He was sentenced to 151 months.  That activated the waiver.  "The Second Circuit has repeatedly – and emphatically – held that a defendant's knowing and voluntary waiver of the right to [collaterally attack] a sentence is generally valid and enforceable." Fernandez v. United States, No. 12-cr-445, 2016 WL 4735370, at *3 (S.D.N.Y. Sept. 12, 2016) (collecting cases).

Although ineffective assistance can constitute a ground to avoid a waiver in a plea agreement, the Second Circuit has cautioned district courts not to accept the mere labeling of a claim of sentencing error as an ineffective assistance claim to avoid a collateral challenge

4

waiver. See United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998). That is clearly what petitioner is attempting to do here. He alleges no misunderstandings about the waiver as explained to him by Judge Kuo, nor does he allege any conversations with his attorney about being misled as to its meaning. Instead, he asserts the groundless argument that his counsel should have known that the Court had no "subject matter jurisdiction" as a result of invoking the career offender enhancement. From there, he concludes that since lack of subject matter jurisdiction cannot be waived, the waiver is ineffective.

Petitioner's theory is mixing far too many apples and oranges. Under his plea agreement, he has waived his right to challenge his Career Offender status under the Guidelines.

### III. The Merits

Even without regard to the waiver, petitioner's argument is without merit. It is based on the contention that his prior burglary conviction (N.Y. Penal Law § 140.25) is not a crime of violence, citing Johnson v. United States, 576 U.S. 591 (2015). Whether he is correct about that or not, his prior burglary conviction was not used in determining that he qualified for a career offender enhancement under the Guidelines. The two prior convictions that were used to apply the career offender guideline were Robbery in the Second Degree Causing Physical Injury (N.Y. Penal Law § 160.10) and Attempted Murder with Intent (N.Y. Penal Law § 125.25(1)). Each of these predicate crimes is a crime of violence. See United States v. Pastore, 83 F.4th 113 (2d Cir. 2023) (attempted murder); United States v. Pereria-Gomez, 903 F.3d 155 (2d Cir. 2018) (robbery). Applying those to Count 1, his drug offense, made U.S.S.G. § 4B1.1, the career offender enhancement, applicable.

It may be that petitioner is confusing the sentencing guidelines career offender enhancement with the statutory enhancement under the Armed Career Criminal Act, which

5

would be understandable for a *pro se* litigant. The latter would have required at least one more crime of violence conviction. But he was not sentenced as an armed career criminal, just as a career offender under the guidelines.

Since petitioner's guidelines range was properly calculated, it follows that his attorney was not ineffective for failing to argue that it was erroneously calculated.

## CONCLUSION

The motion for habeas corpus relief is denied. No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) as there has been no substantial showing of the denial of a constitutional right. *In forma pauperis* status is denied for purposes of an appeal, as an appeal would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       February 20, 2024

6